UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KYLE JAMES ROHRIG,**

    **Plaintiff,**

    v.

**UNITED STATES NAVY,**

    **Defendant.**

Civil Action 2:18-cv-1213
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kyle James Rohrig's ("Plaintiff") Motion for Demurrer and Default Judgment Demurrer (ECF No. 5) and Motion for Default Judgment (ECF No. 6). For the reasons that follow, Plaintiff's Motion for Demurrer and Default Judgment Demurrer is **DENIED as moot** (ECF No. 5), and Plaintiff's Motion for Default Judgment is **DENIED with prejudice.** (ECF No. 6).

### I.

On October 11, 2018, Plaintiff, proceeding pro se, filed a Complaint alleging that Defendant United States Navy ("Defendant") covered up false accusations during Plaintiff's divorce proceedings, denied Plaintiff spousal benefits, destroyed evidence, and withheld Plaintiff's client folder. (Compl. ¶ 1–4, ECF No. 1). Defendant filed a Motion to Dismiss for Failure to State a Claim on March 1, 2019. (ECF No. 4). Plaintiff did not respond to Defendant's Motion. On March 11, 2019, Plaintiff filed his Motion for Demurrer and Default Judgment Demurrer. (ECF No. 5). Plaintiff then filed a Motion for Default Judgment on April 22, 2019. (ECF No. 6). Defendant has not responded to either of Plaintiff's Motions. Accordingly, Plaintiff's Motions are ripe for review.

## II.

### A. Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure ("Rule") 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Second, upon the Clerk's entry of default, the plaintiff must apply to the Court for a default judgment if its claims are not for "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

Plaintiff argues that Defendant failed to timely respond or defend because it did not file its Motion to Dismiss until March 11, 2019—nearly three months after its responsive pleading deadline passed. (Def.'s Mot. at 1, ECF No. 6). However, even if Defendant's answer was untimely, Plaintiff is not entitled to default judgment. First, Plaintiff did not request an entry of default from the Clerk of Courts. Thus, the first step for obtaining default judgment under Rule 55 is incomplete. *See Heard v. Caruso*, 351 Fed. App'x 1, 15–16 (6th Cir. 2009) (holding that because the plaintiff "did not first seek entry of a default from the clerk of the court, it was procedurally improper for [the plaintiff] to move for entry of a default judgment").

Second, Plaintiff has not satisfied the standard for default judgment against the United States Government. Pursuant to Rule 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies **only if the claimant establishes a claim or right to relief by evidence that satisfies this Court**." Fed. R. Civ. P. 55(d) (emphasis added). Here, Plaintiff has not supported his "claim or right of relief" with evidence that satisfies this Court.

Rather, Plaintiff has made unsubstantiated allegations that Defendant was improperly involved in his divorce proceedings in the Circuit Court of the City of Chesapeake, Virginia.

Finally, as noted by a sister district court, "courts have held that a federal defendant's failure to serve a timely answer to a complaint is not a sufficient ground for entry of default against the Government. *Bohmier v. United States*, No. 5:14–226–KKC, 2015 WL 4756546, at *2 (E.D. Ky. Aug. 10, 2015) (citing *George v. Internal Revenue Serv.*, 344 F. App'x 309, 311 (9th Cir.2009); *Greenbaum v. United States*, 360 F.Supp. 784, 789 (E.D. Pa. 1973)). Accordingly, Plaintiff's Motion for Default Judgment is **DENIED with prejudice**. (ECF No. 6).

### B. Plaintiff's Motion for Demurrer and Default Judgment Demurrer

Plaintiff asserts the same arguments in his Motion for Demurrer and Default Judgment Demurrer. Therefore, for the reasons stated *supra*, Plaintiff's Motion for Demurrer and Default Judgment Demurrer is **DENIED as moot**. (ECF No. 5).

### III.

For the reasons stated above, Plaintiff's Motion Demurrer and Default Judgment Demurrer is **DENIED as moot** (ECF No. 5), and Plaintiff's Motion for Default Judgment is **DENIED with prejudice** (ECF No. 6). Plaintiff is **DIRECTED** to file his Response in Opposition to Defendant's Motion to Dismiss within 14 days of the date of this Opinion and Order. Should Plaintiff fail to file a Response in Opposition, the Court will consider Defendant's Motion to Dismiss unopposed.

**IT IS SO ORDERED.**

5-28-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE