# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KYLE JAMES ROHRIG,**

    **Plaintiff,**

v.

Civil Action 2:18-cv-1213
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

**UNITED STATES NAVY,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant United States Navy's ("Defendant") Motion to Dismiss for Failure to State a Claim (ECF No. 4); and Plaintiff Kyle Rohrig's ("Plaintiff") Response in Opposition (ECF No. 8). For the reasons that follow, Defendant's Motion is **GRANTED.** (ECF No. 4).

### I.

This action arises from divorce proceedings between Plaintiff and his former spouse. Plaintiff is or was a member of the United States Military. (Compl. ¶ 1). Plaintiff's former spouse was a Petty Officer in the United States Navy. (*Id.*). On October 11, 2018, Plaintiff, proceeding *pro se*, filed a Complaint which states, in its entirety, the following:

1. The United States Navy aided in the coverup of false accusations in Divorce Court only by a Naval Petty Office after she was properly trained on how to report it and Plaintiff was stationed not only on active duty but on the other side of country on military orders well before accusations occurred. Navy failed to bring up charges and said she accused me on her own time but sent a Command Master Chief up for UCMJ Charges for Facebook messages breaking said military laws as the other Petty Officer did too.

2. They also failed to properly train their Ombudsman's of USS Whidbey Island specifically denying Plaintiff spousal benefits illegally stating he had to go thru court

which he did not have to as per their boss Command Master Chief Mene(CMC of USS Whidbey Island).

3. The USS Whidbey Island and Regional Legal Office of Little Creek wrote me off as a disgruntle spouse trying to show the perjury, deleting of evidence, and lying to her own chain of command because Plaintiff was accused of abuse by the Petty Officer and a male in gender origin.

4. The Regional Legal Office of Little Creek also failed to turn over things sent to my wife and her command on my behalf since they could not represent me in court. Which means they have to turn over my client folder but accused me of threatening them for failing to do so because Plaintiff was a male accused of abuse in divorce only. Even the Department Head agreed I had the right to be angry because of the illegal activity of withholding that there was no client folder while acting like there was one by the legal office.

Now comes Plaintiff seeking $10 million dollars in tax free money since the Navy can do that for false accusations, mental health of rough adjustment to civilian life by Naval Petty Officer, aiding Petty Officer in rough adjustment to civilian life after breaking said UCMJ laws by that Petty Officer.

(*Id.* ¶ 1–4).

On March 1, 2019, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). Plaintiff moved for default judgment in two separate motions. (ECF Nos. 5 & 6). On May 29, 2019, the Court issued an Opinion and Order denying Plaintiff's Motions (ECF Nos. 5 & 6) and extending Plaintiff's time to respond to Defendant's Motion to Dismiss. (ECF No. 7). Plaintiff filed his Response in Opposition on June 3, 2019. (ECF No. 8). Defendant did not reply. Consequently, Defendant's Motion to Dismiss is ripe for review.

## II.

To determine whether a complaint states a claim upon which relief can be granted, the Court must: (1) accept the factual allegations contained in the pleadings as true, and (2) determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. Consequently, a complaint will not be dismissed pursuant to rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

### III.

Defendant contends that Plaintiff fails to state a viable claim under any legal theory. (Mot. to Dismiss at 3, ECF No. 4). According to Defendant, "[i]t is a reasonable, educated guess . . . that Plaintiff *pro se* complains of a decision made by some agency of the government of the United States . . . perhaps the United States Navy . . . and seeks this Court's review of the same." (*Id.* at 4). However, Defendant maintains that Plaintiff provides no supporting facts to identify the agency, divorce court, dates, or actors involved. Defendant further argues that Plaintiff's reference to an alleged violation of "U.S.C. Title 10 & 18, adds nothing to clarify, or identify his intentions in filing this action." (*Id.* at 5).

Citing *Frengler v. General Motors*, Defendant points out that although the Court must "liberally construe *pro se* complaints and hold such complaints to a less stringent standard than

3

pleadings prepared by attorneys . . . this lenient treatment has limits." 482 F. App'x 975, 976–977 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *see also Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989) ("courts should not have to guess at the nature of claim asserted")). Plaintiff disagrees, averring that his Complaint states a valid claim. (Opp'n ¶ 2, ECF No. 8). Plaintiff further alleges that he was taught "to be vague" in his Complaint. (*Id.*). According to Plaintiff, "[i]f the Defendant wanted to know specifics then he should [have] requested it in Discovery not try some fancy lawyer tricks." (*Id.*). Moreover, Plaintiff contends that he "doesn't know how to get his point across since he is not a lawyer." (*Id.*).

Defendant's arguments are well taken. "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "Minimum pleading requirements are needed, even for *pro se* plaintiffs." *Wells*, 891 F.2d at 594. In the instant action, Plaintiff's Complaint fails to meet minimum pleading standards. As seen *supra*, Plaintiff's four-paragraph Complaint does not identify a cause of action. Nor does it reference a single date, time, geographical location, administrative agency, or specific divorce court. Because Plaintiff's Complaint is devoid of supporting facts, the Court cannot conclude that jurisdiction is proper—much less that Plaintiff adequately pleads a plausible claim. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

### III.

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. (ECF No. 4). Plaintiff's claims against Defendant are hereby **DISMISSED**. The Clerk is **DIRECTED** to close the case.

IT IS SO ORDERED.

6-17-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE